**DENNIS STEINMAN,** OSB No. 954250
dsteinman@kelrun.com
**THOMAS R. RASK, III,** OSB No. 934031
trask@kelrun.com
**SCOTT J. ALDWORTH,** OSB No. 113123
saldworth@kelrun.com
**MATHEW W. LAURITSEN,** OSB No. 083949
mlauritsen@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TUATARA ENTERPRISES, INC.,** dba **BESAW'S,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**C.E. JOHN PROPERTIES 65, LLC,** an Oregon limited liability company,<br><br>Defendant. | CV. 0:15-cv-749<br><br>**COMPLAINT**<br>**(Declaratory Judgment – Trademark Dispute)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

### I.   JURISDICTION AND VENUE

1.   This is an action at law and in equity for declaratory judgment under the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq*.) and Rule 57 of the Federal Rules of Civil Procedure, for a declaratory judgment of non-infringement and related issues, namely:

COMPLAINT                                                                                                                    Page 1

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

a. Plaintiff Tuatara Enterprises, Inc., dba Besaw's ("Plaintiff") owns the BESAW'S name and mark in connection with restaurant and related services;

b. Defendant C.E. John Properties 65, LLC ("Defendant") owns no interest in or right to the BESAW'S name and mark;

c. Plaintiff's use of the BESAW'S name and mark will not infringe or otherwise interfere with any rights of Defendant;

d. Defendant's or its purported licensee's use of the BESAW'S name and mark will infringe the rights of Plaintiff in the name and mark;

e. Defendant's pending federal trademark registration application, Serial No. 86518024, for the BESAW'S mark is invalid and void *ab initio*, and Defendant must voluntarily abandon the application;

f. Plaintiff's pending federal trademark registration applications, Serial Nos. 86567183 and 86567209, for the BESAW'S mark is "standard character" work and stylized/logo formats are valid and not subject to opposition or challenge by Defendant;

g. Any registrations that issue from Plaintiff's applications are not subject to a cancellation action or other challenge by Defendant; and

h. Plaintiff has not violated, is not violating, and will not violate federal or state trademark or unfair competition laws by using the BESAW'S mark in the future, including but not limited to Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, or the statutory or common law of any state.

2. The claims set forth in this Complaint for Declaratory Judgment arise under the above-referenced laws of the United States and involve an actual controversy between Plaintiff and Defendant as to whether Plaintiff will infringe Defendant's alleged trademark rights by continuing to operate a restaurant using the BESAW'S name and mark, and whether Defendant will infringe Plaintiff's trademark rights by using the BESAW'S name and mark in connection

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

with restaurant or related services, regardless of whether such use is by Defendant or a purported licensee of Defendant.

3. This case further involves an actual controversy between the parties as to the parties' ownership of the BESAW'S mark and the validity of each party's respective federal trademark registration applications.

4. This Court has jurisdiction over the subject matter and the parties under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338.

5. This District is a proper venue pursuant to 28 U.S.C. § 1391(b) and (c) because (i) a substantial part of the events giving rise to Plaintiff's claim occurred in the District; (ii) a substantial part of the property that is the subject of this dispute (namely, Plaintiff's trademark rights and accompanying goodwill) are situated in the District; and (iii) Defendant is subject to personal jurisdiction in Oregon.

6. This Court has personal jurisdiction over Defendant because it is an Oregon limited liability company and it engages in substantial business activities in the State of Oregon.

## II.   PARTIES

7. Plaintiff is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 2301 NW Savier Street, Portland, Oregon, 97210.

8. Defendant is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business at 1701 SE Columbia River Drive, Vancouver, Washington, 98661.

## III.   FACTS

9. Over a number of years, various persons and entities have owned and operated a restaurant named "Besaw's" in Portland. In each of those cases, the owner/operator owned the

COMPLAINT                                                                                                    Page 3

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

business and goodwill, and leased the restaurant space from a landlord. Throughout this time, there were long periods in which no one operated a restaurant using the "Besaw's" name.

10. In or about 1993, Besaw's Café, Inc. purchased the Besaw's restaurant from Bill and Judy Sacheck, who owned it at the time. Besaw's Café, Inc. then operated the restaurant at 2301 NW Savier Street, Portland, Oregon for approximately the next 12 years, leasing restaurant space from the then-building owner, Jones Group Associates ("Jones Group").

11. On or about March 30, 2005, Besaw's Café, Inc. signed a new lease and addendum (the "Lease") with Jones Group. Under the Lease, Jones Group purported to grant to Besaw's Café, Inc. permission to use the "Besaw's" name in connection with the operation of a restaurant.

12. Jones Group never itself operated a restaurant using the name "Besaw's" and has never used the term "Besaw's" as a trademark.

13. The Lease had no provisions restricting Besaw's Café, Inc. in the operation of its restaurant under the name "Besaw's." The Lease had no "quality control" provisions, including (by way of example only), provisions governing the types or quality of food served under the name "Besaw's" or the restaurant's décor. The Lease had no provisions relating to the quality of service provided to customers under the name "Besaw's."

14. Under the Lease, Jones Group had no right or ability to enforce any food or service quality levels, or to terminate the Lease if the quality of food or service maintained by Besaw's Café, Inc. did not meet a particular standard.

15. On information and belief, Jones Group, in its capacity as landlord or otherwise, did not monitor the quality of the food or service maintained by Besaw's Café, Inc. while operating under the name "Besaw's."

16. On or about June 16, 2005, Plaintiff executed an Agreement for Sale and Purchase of Business Assets to purchase the Besaw's restaurant from Besaw's Café, Inc. The

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

agreement specified that the "Seller's name and goodwill" were among the assets sold to Plaintiff.

16. On or about June 23, 2005, Jones Group agreed to an assignment of the Lease from Besaw's Café, Inc. to Plaintiff.

17. On or about June 23, 2005, Plaintiff took over operations of the Besaw's restaurant and Jones Group remained landlord of the property.

18. Jones group continued as landlord from June 2005 to November 2011 and, during that time, Jones Group did not monitor the quality of the food or service at Plaintiff's Besaw's restaurant.

19. On or about November 16, 2011, Jones Group executed a Statutory Special Warranty Deed conveying the real property at 2301 NW Savier Street, Portland, Oregon (where the Besaw's restaurant was and still is located) to Defendant.

20. At that time, Defendant took over as Plaintiff's landlord under the Lease.

21. From that time to the present, Defendant did not monitor the quality of the food, décor, or service maintained by Plaintiff while Plaintiff operated under the name "Besaw's."

22. In the decade that Plaintiff has operated the Besaw's restaurant, Plaintiff has improved the reputation and goodwill of the restaurant and the "Besaw's" name and mark substantially, taking it from a local lunch counter to a popular and respected upscale bistro with full lunch and dinner service.

23. Consumers associate the "Besaw's" name and mark, and the reputation and goodwill in the mark and the Besaw's restaurant, with Plaintiff.

24. The Lease is due to terminate on May 31, 2015, but Defendant has refused to negotiate with Plaintiff on extending the current lease or entering into a new lease.

/ / /

/ / /

COMPLAINT                                                                                                          Page 5

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

26.     Instead, Defendant has stated publicly that it intends to enter into an agreement with another company to rent the space and to purportedly authorize that company to operate a restaurant under the name "Besaw's" at the property.

27.     On or about January 29, 2015, Defendant filed federal trademark registration application Serial No. 86518024 for the mark BESAW'S with the United States Patent and Trademark Office.  In its application, Defendant claimed that it had used the mark in commerce in connection with "restaurant services" since 1903.  As part of the application, Defendant had to demonstrate use of the mark and, for that purpose, Defendant submitted a menu from the restaurant owned and operated by Plaintiff.  The menu was wholly conceived and developed by Plaintiff, as were the recipes for all of the items listed on the menu.

28.     On or about March 17, 2015, Plaintiff filed federal trademark registration application Serial No. 86567183 for the mark BESAW'S for "restaurant services including sit-down service of food, catering, and take-out restaurant services."  The same day, Plaintiff also filed application Serial No. 86567209 for the BESAW'S mark in the following stylized/logo format:



29.     On or about March 20, 2015, Plaintiff sent a letter to Defendant demanding that it withdraw its trademark application for the BESAW'S mark because Plaintiff is the lawful owner of the mark.

30.     On or about April 9, 2015, Defendant responded to Plaintiff, claiming that Defendant is the owner of the BESAW'S trademark and threatening to take legal action against Plaintiff if Plaintiff uses the BESAW'S mark after the Lease terminates on May 31, 2015.

COMPLAINT                                                                                                                      Page 6

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

31. In its April 9, 2015 letter, Defendant stated, "If Tuatara persists in its threat to pursue unwarranted claims of ownership of the BESAW'S mark, contrary to its obligations under the Lease, C.E. John will pursue all remedies in response to such an action, including seeking an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a), and/or under the Lease."

32. Plaintiff has secured an alternative restaurant space and intends to reopen Besaw's in a new location.

33. There exists an actual controversy between the parties over their respective trademark rights in the BESAW'S name and mark, including whether one party will infringe the other party's rights by using the BESAW'S mark in connection with restaurant services.

34. In light of Defendant's threats to take action against Plaintiff if it continues to use the BESAW'S mark after termination of the Lease, Plaintiff has been put in apprehension of litigation because of Plaintiff's active plans to reopen Besaw's in a new location.

35. Accordingly, Plaintiff is entitled to a declaratory judgment order that Plaintiff is the lawful owner of the BESAW'S name and mark, Plaintiff is the only party who may properly seek federal trademark registration for the BESAW'S mark, and Plaintiff will not infringe the rights of Defendant by using the BESAW'S name and mark after termination of the Lease.

36. There is an actual controversy within this Court's jurisdiction pursuant to 28 U.S.C. § 2201(a).

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of Trademarks)**

37. Plaintiff realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant has claimed that Plaintiff's use of the BESAW'S name and mark after termination of the Lease will infringe Defendant's trademark rights, and Defendant has threatened legal action against Plaintiff on that basis.

COMPLAINT                                                                                                           Page 7

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

39. Defendant has no trademark rights to the BESAW'S mark.

40. Defendant did not and could not have acquired any trademark rights to the BESAW'S name and mark when it purchased the property from Jones Group.

41. Jones Group did not and could not have transferred any rights in or to the BESAW'S name and mark to Defendant because Jones Group never owned such rights in the mark and, to the extent Jones Group ever owned such rights, Jones Group abandoned the mark by engaging in uncontrolled and "naked" licensing of the mark under its lease with Besaw's Café, Inc.

42. Independently, Jones Group did not and could not have transferred any rights in or to the BESAW'S name and mark in the Special Warranty Deed to Defendant because Jones Group never owned such rights in the mark and, to the extent Jones Group ever owned such rights, Jones Group abandoned the mark by engaging in uncontrolled and "naked" licensing of the mark under its lease with Plaintiff.

43. Also independently, Jones Group did not and could not have transferred any rights in or to the BESAW'S name and mark in the Special Warranty Deed to Defendant because any attempt to transfer such rights was separate and apart from the business and goodwill associated with the BESAW'S name and mark. Such a purported transfer is an assignment in gross. Such a purported assignment is invalid, not enforceable, and constitutes an abandonment of the mark.

44. By actually and continuously using the BESAW'S mark in commerce since 2005, Plaintiff established common law ownership of the BESAW'S mark.

45. As a result, use of the BESAW'S mark by Plaintiff after termination of the Lease is lawful and will not infringe any rights of Defendant.

46. Further, Plaintiff's pending federal trademark registration applications, Serial Nos. 86567183 and 86567209, for the BESAW'S mark in "standard character" word and

COMPLAINT                                                                                                                    Page 8

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

stylized/logo formats are valid and not subject to opposition or challenge by Defendant. Likewise, any registrations that issue from Plaintiff's applications are not subject to a cancellation action or other challenge by Defendant.

47.     Plaintiff seeks and is entitled to a declaration from this Court that:

    a.      Plaintiff owns the BESAW'S name and mark in connection with restaurant and related services;

    b.      Defendant owns no interest in or right to the BESAW'S name and mark;

    c.      Plaintiff's use of the BESAW'S name and mark will not infringe or otherwise interfere with any rights of Defendant;

    d.      Plaintiff's pending federal trademark registration applications, Serial Nos. 86567183 and 86567209, for the BESAW'S mark is "standard character" work and stylized/logo formats are valid and not subject to opposition or challenge by Defendant;

    e.      Any registrations that issue from Plaintiff's applications are not subject to a cancellation action or other challenge by Defendant; and

    f.      Plaintiff has not violated, is not violating, and will not violate federal or state trademark or unfair competition laws by using the BESAW'S mark in the future, including but not limited to Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, or the statutory or common law of any state.

48.     Plaintiff is entitled to an award of its attorneys' fees, costs, and disbursements in bringing this action pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Infringement)

49.     Plaintiff realleges paragraphs 1 through 37 and 39 through 45 as though fully set forth herein.

COMPLAINT      Page 9

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

50.     Defendant intends to enter into a lease and purported trademark license agreement with a third party to operate (on Defendant's behalf as licensor) a restaurant under the BESAW'S mark.

51.     If Defendant or its purported licensee (on behalf of Defendant) use the BESAW'S mark, Defendant will infringe Plaintiff's rights in and to the BESAW'S mark.

52.     Defendant has also filed a federal trademark registration application for the BESAW'S mark, including the inherent claim that Defendant owns the BESAW'S mark.

53.     Defendant's federal registration application for BESAW'S is invalid and void *ab initio* because Defendant owns no rights in the mark.

54.     Plaintiff seeks and is entitled to a declaration from this Court that:

   a.     Defendant's or its purported licensee's use of the BESAW'S name and mark will infringe the rights of Plaintiff in the name and mark; and

   b.     Defendant's pending federal trademark registration application, Serial No. 86518024, for the BESAW'S mark is invalid and void *ab initio*, and Defendant must voluntarily abandon the application.

55.     Plaintiff is entitled to an award of its attorneys' fees, costs, and disbursements in bringing this action pursuant to 15 U.S.C. § 1117(a).

**WHEREFORE**, Plaintiff prays that Defendant be cited to appear and answer herein and that, upon final hearing, Plaintiff have the following relief:

1.     A jury trial to determine the factual questions raised herein;

2.     That the Court assume jurisdiction over Plaintiff's claims;

3.     That the Court enter a declaratory judgment that:

   a.     Plaintiff owns the BESAW'S name and mark in connection with restaurant and related services;

   b.     Defendant owns no interest in or right to the BESAW'S name and mark;

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

  c. Plaintiff's use of the BESAW'S name and mark will not infringe or otherwise interfere with any rights of Defendant;

  d. Defendant's or its purported licensee's use of the BESAW'S name and mark will infringe the rights of Plaintiff in the name and mark;

  e. Defendant's pending federal trademark registration application, Serial No. 86518024, for the BESAW'S mark is invalid and void *ab initio*, and Defendant must voluntarily abandon the application;

  f. Plaintiff's pending federal trademark registration applications, Serial Nos. 86567183 and 86567209, for the BESAW'S mark is "standard character" work and stylized/logo formats are valid and not subject to opposition or challenge by Defendant;

  g. Any registrations that issue from Plaintiff's applications are not subject to a cancellation action or other challenge by Defendant; and

  h. Plaintiff has not violated, is not violating, and will not violate federal or state trademark or unfair competition laws by using the BESAW'S mark in the future, including but not limited to Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, or the statutory or common law of any state.

  4. An order that Defendant is required to pay Plaintiff's attorneys' fees, costs, and disbursements in bringing this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT                                                         **Page 11**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066

5.      Such other and further relief as this Court may deem just and proper.

DATED this 1st day of May, 2015.

                                  **KELL, ALTERMAN & RUNSTEIN, L.L.P.**

                                  s/Dennis Steinman
                                **DENNIS STEINMAN**
                                954250
                                **THOMAS R. RASK, III**
                                934031
                                **SCOTT J. ALDWORTH**
                                113123
                                **MATHEW W. LAURITSEN**
                                083949
                                503/222-3531
                                **Attorneys for Plaintiff**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00113066